# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2387

_____

Juan Correa-Gutierrez,            *
also known as                     *
Armando Valencia Andrade,         *
                                  *   Appeal from the United States
        Appellant,                *   District Court for the
                                  *   District of Nebraska.
    v.                            *
                                  *        [UNPUBLISHED]
United States of America,         *
                                  *
        Appellee.                 *

_____

Submitted:  January 19, 2012
    Filed:  January 25, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Correa-Gutierrez appeals from an order of the District Court[1] denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence imposed following his guilty plea to a drug offense. Correa-Gutierrez, who has been residing in this country illegally, argues that Padilla v. Kentucky, 130 S. Ct. 1473 (2010), applies retroactively and that, consistent with Padilla, he established that his counsel

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

in his underlying criminal case provided ineffective assistance by failing to advise him that his guilty plea might result in deportation and by failing to object to the criminal history calculations in his presentence report (PSR). Following careful review, we find it unnecessary to decide whether Padilla applies, and we conclude that the District Court properly denied Correa-Gutierrez relief under § 2255.

The record conclusively establishes that Correa-Gutierrez did not meet his burden to show ineffective assistance of his trial counsel or resulting prejudice: the PSR indicated a likelihood that Correa-Gutierrez would be deported if convicted; Correa-Gutierrez confirmed that he had read the PSR, discussed it with his counsel, and understood it; and Correa-Gutierrez never moved to withdraw his guilty plea. See Deltoro-Aguilera v. United States, 625 F.3d 434, 436 (8th Cir. 2010) (noting that when a district court denies a § 2255 motion without a hearing, an appellate court affirms only if de novo review reveals that the motion and the files and records of the case conclusively show that the movant is entitled to no relief); Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that a convicted defendant can establish ineffective assistance requiring reversal if he shows that counsel's performance was deficient and that the deficient performance prejudiced his defense). For similar reasons, counsel was not ineffective for failing to inform Correa-Gutierrez that his status as a "deportable alien" made him ineligible for a drug-treatment program. Cf. United States v. Young, 927 F.2d 1060, 1062 (8th Cir.) (holding in direct appeal that a defendant's decision to plead guilty cannot be affected by a court's failure to tell him what he already knows), cert. denied, 512 U.S. 943 (1991). Additionally, the record conclusively establishes that the PSR's criminal history calculations were not incorrect. See U.S.S.G. §§ 4A1.1(a) (calculating criminal history score requires adding three "points for each prior sentence exceeding one year and one month"); 4A1.2(a) (defining the term "prior sentence" to mean "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense"); Rodriguez v. United

States, 17 F.3d 225, 226 (8th Cir. 1994) (holding that counsel's failure to advance meritless argument cannot constitute ineffective assistance).

Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion for leave to withdraw.

_____