Filed 5/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B264807 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA062998) |
| v. | |
| GRANVILLE KINGSLEY ARENDTSZ, | |
| Defendant and Appellant. | |

　　　　Appeal from an order of the Superior Court of Los Angeles County, Jared Moses, Judge.  Affirmed.

　　　　Law Office of Zulu Ali and Zulu Ali for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTON

Defendant, Granville Kingsley Arendtsz, appeals from an order denying his Penal Code section 1016.5[1] motion to vacate his nolo contendere plea.  Defendant argues, as he did in the trial court, that he should have been advised he would be denied special forms of removal relief such as asylum.  The trial court did not abuse its discretion in ruling defendant was properly advised of the immigration consequences of his nolo contendere plea.  Accordingly, we affirm the denial order.

# II.  BACKGROUND

On March 10, 2006, defendant pled nolo contendere to felony sexual battery in violation of section 243.4.  Prior to defendant's plea, former Deputy District Attorney Teresa Sullivan, *twice* advised him that his plea would result in adverse immigration consequences if he was not a United States citizen:  "Ms. Sullivan:  If you're not a citizen of the United States, you're hereby advised that conviction of this offense[] *will result in deportation*, exclusion from admission to the United States and denial of naturalization. [¶]  Do you understand? [¶]  The Defendant:  Yes. [¶]  . . . [¶]  Ms. Sullivan:  Sir, just to reiterate, I do believe I advised you, do you understand if you are not a citizen, this plea *will result in deportation*? [¶]  The Defendant:  Yes."  (Italics added.)

Nine years later, on February 27, 2015, defendant filed his section 1016.5 motion.  Defendant's motion states, "Defendant is currently in immigration removal proceedings and has been ordered removed by the United States Citizenship and Immigration Services."  The prosecution did not dispute that statement.  Defendant argued in part he was not warned he could be denied special forms of relief from removal including "Cancellation of Removal and Asylum."  In his declaration submitted with the motion,

---

[1]     Further statutory references are to the Penal Code unless otherwise noted.

defendant averred, "The [trial] court . . . never informed me that pleading guilty to the criminal charge at issue would subject me to *mandatory deportation*." (Italics added.) Defendant further asserted, "At no time did prior counsel advise me of the immigration consequences of pleading guilty to a violation of [section] 243.4." Defendant concluded, "Had I known that pleading guilty to a violation of [section] 243.4 would result in being subjected to *mandatory deportation*, I would have never agreed to accept the plea, I would have taken the case to trial." (Italics added.) The trial court denied the motion finding defendant had been properly advised on the record as required under section 1016.5.

## III.  DISCUSSION

Section 1016.5, subdivision (a), requires a trial court, prior to accepting a guilty, nolo contendre or no contest plea, to administer the following advisement on the record: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Section 1016.5 further provides, "If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have [adverse immigration] consequences . . . the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea . . . and enter a plea of not guilty." (§ 1016.5, subd. (b).) Our Supreme Court has held, to obtain that relief, the following must be present:  the defendant was not properly advised of the immigration consequences of the plea as required by section 1016.5, subdivision (a); there existed, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and the defendant was prejudiced by the nonadvisement. (*People v. Totari* (2002) 28 Cal.4th 876, 884; accord, *People v. Araujo* (2016) 243 Cal.App.4th 759, 762.) The defendant bears the burden of

3

demonstrating prejudice. (*People v. Arriaga* (2014) 58 Cal.4th 950, 963; *People v. Martinez* (2013) 57 Cal.4th 555, 558, 562, 565.) The accused must prove it was reasonably probable he or she would not have entered a guilty, no contest or nolo contendere if properly advised. (*Id.* at pp. 558, 562, 565; accord, *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 210.) Our Supreme Court has explained: "To that end, the defendant must provide a declaration or testimony stating that he or she would not have entered into the plea bargain if properly advised. It is up to the trial court to determine whether the defendant's assertion is credible, and the court may reject an assertion that is not supported by an explanation or other corroborating circumstances." (*People v Martinez, supra,* 57 Cal.4th at p. 565; see *People v. Asghedom* (2015) 243 Cal.App.4th 718, 726.) Our review is for an abuse of discretion. (*People v. Superior Court* (*Zamudio*), *supra,* 23 Cal.4th at pp. 192, 199-200; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1287.)

Defendant was correctly advised of the immigration consequences of his nolo contendere plea as required by law. Prior to entering his no contest plea, defendant was twice advised of the immigration consequences as required by section 1016.5, subdivision (a). Defendant was advised not only that his plea *may* have immigration consequences, but that it *would* result in: deportation; exclusion from admission to the United States; and denial of naturalization. Defendant also failed to establish prejudice. He has failed to show that he would have rejected the plea agreement he bargained for if he had received the advisements that he asserts should have been given. Defendant's uncorroborated declaration accompanying his section 1016.5 motion states only that he would not have pled nolo contendere if he had been informed that his plea would result in mandatory deportation. But that is precisely what he was twice told—namely, that his nolo contendere plea "will result" in his deportation. Defendant therefore has not established prejudice. (*People v. Martinez, supra,* 57 Cal.4th at pp. 558, 562, 565; *People v. Superior Court* (*Zamudio*), *supra,* 23 Cal.4th at p. 210.)

Defendant argues the foregoing no longer accurately represents California law. Defendant relies on an unspecified "legislative intent" behind section 1016.5 and the

4

United States Supreme Court's decision in *Padilla v. Kentucky* (2010) 559 U.S. 356, 372-374 (*Padilla*). Defendant argues the trial court should have advised him of additional immigration consequences. Specifically, defendant argues he should have been advised he may be ineligible to apply for certain types of immigration relief such as asylum or withholding a removal or cancellation removal. This contention is without merit.

Section 1016.5 includes a statement of legislative intent concerning fairness to potentially deportable individuals: "The Legislature finds and declares that in many instances involving an individual who is not a citizen of the United States charged with an offense punishable as a crime under state law, a plea of guilty or nolo contendere is entered without the defendant knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. Therefore, it is the intent of the Legislature in enacting this section *to promote fairness* to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea. It is also the intent of the Legislature that the court in such cases shall grant the defendant a reasonable amount of time to negotiate with the prosecuting agency in the event the defendant or the defendant's counsel was unaware of the possibility of deportation, exclusion from admission to the United States, or denial of naturalization as a result of conviction. It is further the intent of the Legislature that at the time of the plea no defendant shall be required to disclose his or her legal status to the court." (§ 1016.5, subd. (d), italics added.)

But the fairness concerns expressed in the immediately preceding paragraph do not override the express language of section 1016.5, subdivision (a). The Court of Appeal has held, "The broad statement of intent in [section 1016.5,] subdivision (d), and its concern with fairness to the accused, does not override the section's narrow requirements and precise remedy." (*People v. Chien, supra,* 159 Cal.App.4th at p. 1288; see *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1108, fn. 11 [§ 1016.5 does not extend beyond its terms]; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1165

5

[§ 1016.5 does not require advisement of other consequences specified in *Padilla*].) Nothing in section 1016.5 requires more than an advisement of the three major consequences of a plea that are specified in subdivision (a). (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174; *People v. Gontiz* (1997) 58 Cal.App.4th 1309, 1316, disapproved on another point in *People v. Superior Court* (*Zamudio*)*, supra,* 23 Cal.4th at p. 200, fn. 8 ["The statute requires the court to warn the defendant expressly of each of the three distinct possible immigration consequences of his conviction(s) prior to his plea"].) Defendant received precisely that advisement.

The United States Supreme Court's holding in *Padilla* has no material bearing on this case. *Padilla* concerned ineffectiveness of counsel. *Padilla* did not address a trial court's duty to advise noncitizen defendants. In *Padilla,* the court held a defense attorney provides constitutionally deficient assistance when a non-citizen client is not advised about the risk of deportation attendant to a guilty plea. (*Padilla, supra,* 559 U.S. at pp. 373-374; see *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1405.) Defendant does not argue his attorney was ineffective. And even if he did, he may not raise such a claim under section 1016.5. (*People v. Hyung Joon Kim, supra,* 45 Cal.4th at p. 1107, fn. 20; *People v. Aguilar* (2014) 227 Cal.App.4th 60, 71; *People v. Chien, supra,*159 Cal.App.4th at p. 1285.)

Defendant additionally rests his argument on the fact that when section 1016.5 was enacted, in 1977, federal judges had the authority to issue a judicial recommendation against deportation. Congress eliminated that authority in 1990. (*Padilla, supra,* 559 U.S. at p. 363; *U.S. v. Hovsepian* (9th Cir. 2004) 359 F.3d 1144, 1157.) Defendant reasons that, given this change in federal law, "Courts . . . must adopt a more engaged role when advising a noncitizen of the potentially harsh immigration consequences that would result from his or her plea." Defendant concludes, "[A] simple advisement under the generic recital set[]forth in [section 1016.5, subdivision (a)] is unfair, not proper, and does not reflect the legislative intent of the statute." We cannot rewrite section 1016.5 to conform to defendant's notion of what the Legislature would want it to say. (*In re Hoddinott* (1996) 12 Cal.4th 992, 1002; *People v. Gipson* (2013) 213 Cal.App.4th 1523,

1530; *People v. Harper* (2003) 109 Cal.App.4th 520, 524.) It is true that, as discussed in *Padilla,* the lack of judicial discretion to prevent deportation necessarily makes it crucial that defense counsel properly advise a criminal defendant. (*Padilla, supra,* 559 U.S. at p. 369; *Abraham v. U.S.* (8th Cir. 2012) 699 F.3d 1050, 1052.) However, there is nothing in *Padilla* or under California law, including the Legislature's fairness concerns, that compels a trial court to specifically advise on asylum or cancellation of removal.

## IV.  DISPOSITION

The order denying defendant's Penal Code section 1016.5 motion is affirmed.

CERTIFIED FOR PUBLICATION


TURNER, P.J.


We concur:


BAKER, J.


KUMAR, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.