Filed 6/9/16  P. v. Ortiz CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B265715 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA078145) |
| PATRICIA ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Law Offices of Zulu Ali, Zuli Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In connection with her guilty plea, defendant Patricia Ortiz was advised of the immigration consequences of that plea pursuant to Penal Code[1] section 1016.5, subdivision (a). She later filed a motion to vacate her conviction on the basis that she was not properly advised pursuant to section 1016.5. The court denied the motion and defendant now appeals. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY[2]

On October 9, 2003, defendant pled guilty to one count of possession of marijuana for sale in violation of Health and Safety Code section 11359 (count 2). Prior to entry of her plea, the court advised defendant as follows: "If you are not a citizen of the United States you will be deported, denied reentry into the country, and denied the right to become a natural citizen. Do you understand the consequences of your plea?" Defendant responded "yes, sir."[3] Defendant also signed a written plea agreement, initialing next to the acknowledgment that she understood she could be subject to deportation, exclusion, or denial of naturalization. The court found that defendant waived her rights "knowingly, understandingly, and explicitly," and counsel joined in the waiver.

The court then accepted defendant's plea as to count 2 and dismissed the remaining four counts pursuant to the plea. The court sentenced defendant to 73 days in jail and three years formal probation, with 73 days of presentence custody credit.

Eleven years later, in 2015, defendant filed a motion to vacate her conviction. Defendant's motion claimed that she was "currently being held in immigration custody and is seeking relief from deportation," and argued that she "should have been warned" that her conviction "would likely result in removal proceedings." In her supporting declaration, defendant stated that the court "never informed me that pleading guilty to the

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.
[2]We omit the facts underlying the charged crime, as they are not relevant to the issue on appeal.
[3]The transcript of defendant's plea hearing is not included in the record on appeal. However, at the hearing on defendant's subsequent motion to vacate her plea, the court read the pertinent portion of the plea hearing transcript into the record.

criminal charge at issue would subject me to mandatory deportation," and that "[h]ad I known that pleading guilty" would result in mandatory deportation, "I would have never agreed to accept the plea, I would have retained an attorney and taken the case to trial."

At the hearing on defendant's motion, on April 27, 2015, the court reviewed the transcript from defendant's 2003 plea hearing and found, "Clearly, notwithstanding the contention that she was not properly advised of the consequences of her plea, she was properly advised. She indicated an awareness of that. And she entered [her] plea notwithstanding." The court thus denied the motion.

Defendant timely appealed.

## DISCUSSION

Section 1016.5 requires that, before accepting a plea of guilty or nolo contendere to any criminal offense, the trial court "shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).) The statute further allows the defendant to move to vacate the judgment if "the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have [adverse immigration] consequences." (§ 1016.5, subd. (b).)

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari* (2002) 28 Cal.4th 876, 884; see also *People v. Arendtsz* (May 19, 2016, B264807)__Cal.App.4th__ [2016 WL 2967973] (*Arendtsz*).) We review the trial court's denial of defendant's motion to vacate the judgment for an abuse of discretion. (*People*

3

*v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183,192; *People v. Chien* (2008) 159 Cal.App.4th 1283, 1287.)

Defendant argues she "was not advised that [her] plea would result in mandatory deportation." This contention lacks merit. The record reflects that defendant was properly advised in accordance with section 1016.5 that her plea could have specified immigration consequences, including deportation. In fact, defendant was expressly advised at her plea hearing that if she was not a citizen, "you *will* be deported, denied reentry into the country, and denied the right to become a natural citizen." She acknowledged her understanding of these consequences, both verbally at the hearing and in writing on her plea agreement.

We reject defendant's unsupported suggestion that we must presume she was not properly advised where "the record does not provide . . . whether the advisements regarding immigration consequences were on the record, reflected in any transcripts of oral proceedings." While the record on appeal does not contain a copy of the transcript from defendant's plea hearing, it is defendant's burden on appeal to present an adequate record for review and to demonstrate error. (*People v. Carter* (2010) 182 Cal.App.4th 522, 531, fn. 6.) Defendant's failure to do so, coupled with her failure to raise this issue below (or object to the trial court's reading of the transcript from her plea hearing), forfeits her right to assert this challenge on appeal. (See *People v. Gonzales* (2012) 54 Cal.4th 1234, 1252.)

More importantly, both the minute order from that hearing and the court's discussion during the hearing on the motion to vacate confirm that defendant was provided the proper advisements before the court accepted her plea. Finally, even if the court had not provided an oral advisement during the plea hearing, defendant was adequately advised of immigration consequences, and acknowledged her understanding of those consequences, in her written plea agreement. (See *People v. Araujo* (2016) 243 Cal.App.4th 759, 762 [verbal advisement under section 1016.5 not required]; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521 ["[A] validly executed waiver form is a proper substitute for verbal admonishment by the trial court. [Citation.]"].) The statutory

presumption that defendant was not properly advised does not require an oral advisement, instead arising only "[a]bsent a record that the court provided" the requisite advisement. (§ 1016.5, subd. (b).) Such is not the case here.

Defendant next contends that the "generic recital" pursuant to section 1016.5 is insufficient and that the trial court "must adopt a more engaged role when advising a noncitizen of the potentially harsh immigration consequences that would result from his or her plea," relying on the United States Supreme Court's decision in *Padilla v. Kentucky* (2010) 559 U.S. 356, 372–374 (*Padilla* ) Specifically, defendant asserts the court was required to advise her of certain "special immigration consequences," such as "the unavailability of certain relief like cancellation of removal or asylum." In *Arendtsz,* our sister court rejected an identical argument (*Arendtsz, supra,* __Cal.App.4th__ [2016 WL 2967973, *2-3].) We agree with the *Arendtsz* court that *Padilla* "has no material bearing on this case." (*Id*. at *3.) *Padilla* addressed a claim of ineffective assistance of counsel, finding that it was "critical" for a defense attorney "to inform her noncitizen client that he faces a risk of deportation" following a plea. (*Padilla, supra*, 559 U.S. at pp. 373-374.) *Padilla* did not, however, concern a trial court's duty to advise a defendant regarding certain immigration consequences or the adequacy of any such advisement under section 1016.5. (*Ibid*.; see also *Arendtsz, supra*, __Cal.App.4th__ [2016 WL 2967973, *3].)

Similarly, we disagree with defendant that the "legislative intent" behind section 1016.5 compels a broader advisement than the statute expressly requires. Section 1016.5 includes a statement that "it is the intent of the Legislature in enacting this section to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the *special* consequences for such a defendant which may result from the plea." (§ 1016.5, subd. (d), italics added.) But these fairness concerns "do not override the express language of section 1016.5, subdivision (a)." (*Arendtsz, supra*, __Cal.App.4th__ [2016 WL 2967973, *2]; *People v. Chien, supra*, 159 Cal.App.4th at p. 1288 ["The broad statement of intent in [section 1016.5,] subdivision (d), and its concern with fairness to

5

the accused, does not override the section's narrow requirements and precise remedy."]; *People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1108, fn. 11 [§ 1016.5 does not extend beyond its terms]; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1145 [§ 1016.5 does not require advisement of other consequences specified in *Padilla*].)

In short, "there is nothing in *Padilla* or under California law, including the Legislature's fairness concerns, that compels a trial court to specifically advise on asylum or cancellation of removal," and nothing in section 1016.5 that "requires more than an advisement of the three major consequences of a plea that are specified in subdivision (a). [Citations.]"  (*Arendtsz, supra*, __Cal.App.4th__ [2016 WL 2967973, *3].)  Defendant here received the statutory advisement required; thus, it was not error for the trial court to deny her motion to vacate the judgment.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

6