Filed 8/15/16  P. v. Romero CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SINDY ROMERO,<br><br>    Defendant and Appellant. | 2d Crim. No. B268906<br>(Super. Ct. No. VA135528)<br>(Los Angeles County) |

Sindy Romero appeals the denial of her motion to vacate her conviction following a no contest plea to robbery.  (Pen. Code, §§ 211, 1016.5, subd. (b).)[1]  She contends the trial court should have advised her of certain immigration consequences of her plea, such as the unavailability of asylum or cancellation of removal.  We affirm.

BACKGROUND

When Romero entered her plea, the deputy district attorney advised that her plea "will result in deportation, . . . exclusion from the country and the denial of naturalization."  (§ 1016.5, subd. (a).)  Romero signed a "Felony Advisement of Rights, Waiver, and Plea Form," and initialed the section of the form stating, "I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will

---

[1] All further statutory references are to the Penal Code.

result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty."

Romero filed a motion to vacate her conviction after Immigration and Customs Enforcement took her into custody. She contended the court did not advise her that the plea would preclude "special forms of relief from removal, including Cancellation of Removal and Asylum . . . ." Romero submitted a declaration stating she is not a citizen of the United States, and would not have entered the plea had the court or her counsel advised her that the plea would subject her to "detention or possible denial of relief, voluntary departure, bar from reentry, and/or any other consequences."

The court denied the motion, stating there was "absolutely no basis for the assertion that she was not properly advised."

DISCUSSION

The trial court did not abuse its discretion when it denied Romero's motion to vacate under section 1016.5, subdivision (b). (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192 [review for abuse of discretion].) Romero was properly advised of her immigration consequences as provided by the statute. (*People v. Totari* (2002) 28 Cal.4th 876, 884.) The deputy district attorney's advisement of the immigration consequences of her plea and Romero's acknowledgment of those consequences are sufficient to satisfy section 1016.5. (*People v. Arriaga* (2014) 58 Cal.4th 950, 963-964.) Romero does not contend otherwise.

Romero contends that section 1016.5's admonition is no longer sufficient in light of changes to immigration law since its enactment. She relies on *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), which held that, because such changes have made deportation "practically inevitable" in certain cases, defense counsel must provide accurate legal advice concerning the immigration consequences of a guilty plea. (*Id.* at pp. 364, 369.) Romero contends that, for the same reasons, a court must advise the defendant of specific immigration consequences, such as the unavailability of asylum or cancellation of removal, when it advises a defendant under section 1016.5, subdivision (a).

2

Our colleagues in Division Five rejected an identical contention in *People v. Arendtsz* (2016) 247 Cal.App.4th 613 (*Arendtsz*), holding that "there is nothing in *Padilla* or under California law, including the Legislature's fairness concerns, that compels a trial court to specifically advise on asylum or cancellation of removal." (*Id*. at p. 619.) We agree.

Romero also contends the statutory admonition no longer satisfies the Legislature's intent "to promote fairness" due to changes to immigration law. (§ 1016.5, subd. (d).) Again, we agree with our colleagues in Division Five who held that the fairness concerns expressed in the statement of legislative intent "do not override the express language of section 1016.5, subdivision (a)." (*Arendtsz*, *supra*, 247 Cal.App.4th at p. 618.) Like the court in *Arendtsz*, "[w]e cannot rewrite section 1016.5 to conform to [Romero's] notion of what the Legislature would want it to say." (*Id*. at p. 619.)

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

Michael A. Cowell, Judge

Superior Court County of Los Angeles

_____

Zulu Ali, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.