Filed 11/6/24  P. v. Sistrunk CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THADDEUS SISTRUNK,<br><br>    Defendant and Appellant. | B331842<br><br>(Los Angeles County<br>Super. Ct. No. TA033442-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Heidi Salerno, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In April 1996 a jury convicted Thaddeus Sistrunk on three counts of attempted premeditated murder and found true two firearm allegations. After we affirmed the convictions on direct appeal and directed the trial court to resentence Sistrunk, the court sentenced him to three concurrent life terms, each with a minimum parole eligibility of 14 years, plus terms for various enhancements.

In May 2022 Sistrunk petitioned the superior court to resentence him under Penal Code section 1170.95[1] (now section 1172.6). The superior court appointed counsel for Sistrunk, ordered the parties to submit briefs, and held a hearing. The court ruled Sistrunk was ineligible for resentencing as a matter of law and denied the petition without issuing an order to show cause.

The superior court did not err. Section 1172.6 authorizes the court to resentence a defendant on a conviction for attempted murder only when the defendant was convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) The jury in Sistrunk's trial did not convict him of attempted murder under the natural and probable consequences doctrine because the trial court did not instruct the jury on that theory. In addition, the jury found true allegations Sistrunk committed the attempted murders willfully, deliberately, and with premeditation, findings that render Sistrunk ineligible for resentencing under section 1172.6 as a matter of law. Therefore, we affirm.

---

[1]     Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Sistrunk and a Codefendant Attempt To Kill Three People*

One afternoon in March 1995 Roy Parker and Michael Johnson went to visit Nicole Stone at Stone's apartment. As Parker and Johnson entered the apartment, Stone's mother looked out the apartment window and saw Sistrunk in a park across the street. Parker, Johnson, Stone, and Stone's one-and-a-half-year-old daughter left the apartment 45 minutes later. As they walked toward Parker's car, 10 to 20 gunshots came from two locations in the park. No one was injured in the attack. Parker and Stone later identified Sistrunk as one of the shooters. Stone saw codefendant Marvin Crosby on the sidewalk next to the park during the attack, pointing a gun at her. (*People v. Sistrunk* (Oct. 21, 1998, B103999) [nonpub. opn.].)

A jury convicted Sistrunk on three counts of attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664, subd. (a)) and for each count found true allegations that Sistrunk personally used a firearm (§ 12022.5, subd. (a)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). Sistrunk appealed. We affirmed his conviction and directed the trial court to resentence him. (*People v. Sistrunk, supra*, B103999.) On remand the trial court sentenced Sistrunk on his attempted murder convictions to three concurrent terms of life in prison with a minimum parole eligibility of 14 years (seven years doubled under the three strikes law), plus the upper term of 10 years for each firearm enhancement under section 12022.5, subdivision (a). The court also imposed a term of five years for a prior serious felony enhancement under section 667,

subdivision (a).  The court stayed under section 654 imposition of the enhancements under section 12022, subdivision (a)(1).

B.     *Sistrunk Petitions for Resentencing Under Section 1172.6*

In May 2022 Sistrunk filed a petition for resentencing under section 1172.6.  The superior court appointed counsel for Sistrunk, and the parties submitted briefs.  The People argued that Sistrunk was prosecuted as a principal on the attempted murder counts, that the jury was not instructed on the natural and probable consequences doctrine, and that the jury, by finding the attempted murders were willful, deliberate and premeditated, found Sistrunk acted with malice and had the intent to kill.  The People submitted the jury instructions given at Sistrunk's trial, the jury's verdicts, and our unpublished opinion in Sistrunk's direct appeal.  Sistrunk argued he had demonstrated a prima facie case of eligibility for relief under section 1172.6.

At the hearing, the superior court stated it had reviewed the entire file, including the information, the jury instructions, and our opinion in Sistrunk's direct appeal.  The court stated that the jury instructions reflected the People argued Sistrunk was the actual shooter or an aider and abettor and that the verdict forms reflected the jury found Sistrunk acted with malice and personally used a firearm in the commission of the attempted murders.  The court ruled Sistrunk was ineligible for relief under section 1172.6 as a matter of law and denied the petition.  Sistrunk timely appealed.

## DISCUSSION

A.   *Applicable Law and Standard of Review*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a person guilty of murder and significantly narrowing the felony-murder exception to the malice requirement for murder. (*People v. Arellano* (2024) 16 Cal.5th 457, 467-468 (*Arellano*); *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 [felony murder]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 [natural and probable consequences].)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on a person's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule.  (§§ 188, subd. (a)(3), 189, subd. (e); *Arellano*, at pp. 467-468; *Curiel*, at p. 449.)  Effective 2022, the Legislature amended section 1172.6 to apply to persons convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

Section 1172.6 authorizes a person convicted of felony murder, murder based on the natural and probable consequences doctrine, or (as Sistrunk alleges here) attempted murder under the natural and probable consequences doctrine, to petition the superior court to vacate the defendant's conviction and to resentence the defendant on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder.

5

(See *Arellano*, *supra*, 16 Cal.5th at pp. 468-469; *Curiel*, *supra*, 15 Cal.5th at pp. 449-450.) If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (§ 1172.6, subd. (b)(1)(A), (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 962-963 (*Lewis*); *People v. Foley* (2023) 97 Cal.App.5th 653, 659.) The People must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *Curiel*, *supra*, 15 Cal.5th at pp. 463-464.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Gallardo* (2024 105 Cal.App.5th 296, 301.) "'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citation.] If, instead, the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show

6

cause." (§ 1172.6, subd. (c).)'" (*Arellano, supra,* 16 Cal.5th at p. 469.) We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170; *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

>    B.    *The Superior Court Did Not Err in Denying Sistrunk's Petition Under Section 1172.6 Because He Is Ineligible for Relief as a Matter of Law*

A defendant convicted of attempted murder is eligible for relief under section 1172.6 only if he or she is convicted "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Rodriguez, supra,* 103 Cal.App.5th at p. 457 [section 1172.6 "applies 'only to attempted murders based on the natural and probable consequences doctrine'"]; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865 [same]; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [same].) The record of conviction, which includes the jury instructions and jury verdicts from Sistrunk's trial, conclusively established the jury did not convict Sistrunk under the natural and probable consequences doctrine. (See *Curiel, supra,* 15 Cal.5th at p. 465 ["we may look to the jury's verdicts, and the factual findings they necessarily reflect, to determine whether the record of conviction refutes the factual allegations in [the defendant's] petition"]; *People v. Gallardo, supra,* 105 Cal.App.5th at p. 301 [record of conviction includes the jury instructions and verdict forms from the defendant's jury trial]; *People v. Nguyen* (2024) 103 Cal.App.5th 668, 677 ["In making the prima facie determination, the court may rely on the record of conviction, including the jury instructions and verdict forms."].)

7

The trial court did not instruct the jury on the natural and probable consequences doctrine. The court instructed the jury with CALJIC No. 8.66, which told the jury the People had to prove two elements to convict Sistrunk attempted murder: (1) a "direct but ineffectual act was done by one person towards killing another human being" and (2) the "person committing such act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The court also instructed the jury that "acts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to kill." And the court instructed the jury with CALJIC No. 3.00 that the "persons concerned in the [commission] of a crime who are regarded by law as principals in the crime thus [committed] and equally guilty thereof include: [¶] 1. Those who directly and actively [commit] the act constituting the crime, or [¶] 2. Those who aid and abet the [commission] of the crime." These instructions told the jury that it could convict Sistrunk as the direct perpetrator of the attempted murders or as an aider and abettor. Neither theory qualifies for relief under section 1172.6. (See, e.g., *People v. Coley, supra*, 77 Cal.App.5th at p. 548 [defendant was ineligible for relief under section 1172.6 as a matter of law where he was convicted of attempted murder, the trial court instructed the jury on direct perpetrator and aider and abettor liability, and the trial court did not instruct the jury on the natural and probable consequences doctrine].)

Similarly, the verdict forms asked the jury to decide whether the attempted murders were willful, deliberate, and premeditated. The jury found the allegation true for all three counts. Taken together with the instructions on attempted

8

murder, the verdicts establish that the jury found Sistrunk acted with the specific intent to kill each of the three victims. (See *People v. Mumin* (2023) 15 Cal.5th 176, 190 ["To elevate that offense to murder in the first degree on a malice theory, the defendant must act with a specific intent to kill that is formed willfully, deliberately, and with premeditation."]; *People v. Jurado* (2006) 38 Cal.4th 72, 123 [a finding of premeditation and deliberation necessarily includes a finding the defendant had the specific intent to kill]; see also *People v. Gaines* (2023) 93 Cal.App.5th 91, 131 ["""[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing"""].)

Recognizing he is not entitled to relief under the language of section 1172.6, Sistrunk asks us to rewrite the statute to apply to additional categories of attempted murder. That we cannot do. (*Michael G. v. Superior Court* (2023) 14 Cal.5th 609, 635; see *People v. Harris* (2006) 145 Cal.App.4th 1456, 1465 ["'We are not authorized to insert qualifying provisions not included, and may not rewrite the statute to conform to an assumed intention which does not appear from its language.'"]; *People v. Arendtsz* (2016) 247 Cal.App.4th 613, 619 [we cannot rewrite a statute "to conform to defendant's notion of what the Legislature would want it to say"].)

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ""As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning."" [Citation.] "'[W]e look to 'the entire substance of the statute . . . in order to

9

determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question "'in context, keeping in mind the nature and obvious purpose of the statute . . . .'"'" (*Lewis, supra*, 11 Cal.5th at p. 961.) "'"""If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'"""" (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.)

As originally enacted, the predecessor to section 1172.6 applied to any "person convicted of felony murder or murder under a natural and probable consequences theory . . . ." (Former § 1170.95, added by Stats. 2018, ch. 1015, § 4.) The Legislature amended the statute to apply to any "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter . . . ." (Former § 1170.95, as amended by Stats. 2021, ch. 551, § 2, italics added.) Relying on selected excerpts of legislative history, Sistrunk argues that, contrary to the language of the statute, the Legislature did not intend to limit section 1172.6 to "attempted murder under the natural and probable consequences doctrine," but instead intended the amended statute to apply to "attempted murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on their participation in a crime*." Sistrunk characterizes the omission as a "scrivener's error."

The plain language of section 1172.6 states that only a defendant convicted of attempted murder under the natural and

10

probable consequences doctrine is eligible for resentencing. That is what and all the statute says: "attempted murder under the natural and probable consequences doctrine." The statutory language is not ambiguous, nor is it reasonably susceptible to Sistrunk's proposed construction. (See *People v. Canty* (2004) 32 Cal.4th 1266, 1276 ["If the language is clear and unambiguous, we follow the plain meaning of the measure."]; *People v. Johnson* (2002) 28 Cal.4th 240, 244 ["If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction."]; *People v. Burke* (2023) 89 Cal.App.5th 237, 243 [where "the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history"].) The Legislature's decision to include the language "or any other theory under which malice is imputed to a person" for murder, but not for attempted murder, confirms that, for defendants convicted of attempted murder, eligibility for resentencing under section 1172.6 is limited to defendants convicted of attempted murder under the natural and probable consequences doctrine. (See *People v. Bland* (2002) 28 Cal.4th 313, 337 ["""when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded"""]; *People v. Trevino* (2001) 26 Cal.4th 237, 242 ["When the Legislature uses materially different language in statutory provisions addressing the same subject or related subjects, the normal inference is that the Legislature intended a difference in meaning."]; *People v. Kelly* (2024) 105 Cal.App.5th 162, 172 [Legislature's use of different wording to describe actus reus in section 189, subdivision (e)(2) and (3), is "significant"].)

11

Finally, even under Sistrunk's proposed interpretation of section 1172.6, he is ineligible for relief. The jury found Sistrunk acted with express malice and had the intent to kill, making him ineligible for resentencing under any interpretation of "attempted murder" in section 1172.6, subdivision (a).

## DISPOSITION

The order denying the petition for resentencing is affirmed.


SEGAL, J.


We concur:


MARTINEZ, P. J.


STONE, J.

12