Filed 1/7/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

  Plaintiff and Respondent,

v.

CIRILA VERASTEGUI ARAUJO,

  Defendant and Appellant.

2d Crim. No. B261602
(Super. Ct. No. 2013026418)
(Ventura County)

In an all-to-familiar ploy, Cirila Verastegui Araujo seeks to avoid a consequence of her criminal conduct, i.e. deportation from the United States of America. She appeals an order denying a post-judgment motion to vacate her conviction by guilty plea to first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a).)[1] She claims that the trial court failed to properly advise her of the immigration consequences of the conviction when the change of plea was entered. (§ 1016.5.) The appeal is not only without merit, it borders on being frivolous. We affirm.

In 2013, appellant, represented by counsel, pled guilty to first degree residential burglary with the understanding that she would be granted probation with 365 days county jail. The trial court dismissed a robbery charge as part of the negotiated disposition. It was a favorable negotiated disposition because appellant was facing a

---

[1] All statutory references are to the Penal Code.

possible six year prison sentence.  The change of plea was pursuant to a "Felony Disposition Statement" signed by appellant.  Under the section entitled "CONSEQUENCES OF PLEA AND ALL ADMISSIONS - ALL CASES,"  appellant initialed the following paragraph:  "If I am not a citizen, I could be deported, excluded from the United States or denied naturalization.  (Pen. Code, § 1016.5.)  If I am not a citizen and am pleading guilty to an aggravated felony, conspiracy, a controlled substance offense, a firearm offense, or under certain circumstances a moral turpitude offense, or a domestic violence offense, I will be deported, excluded from the United States and denied naturalization.  (8 U.S.C. §§ 1101 (a) (43), 1182, 1227.) "

When the change of plea was entered on November 15, 2013, appellant acknowledged that Spanish interpreter read the entire "felony disposition statement" to her in the Spanish language.  She also acknowledged that she had discussed the change of plea with her attorney and understood and agreed with what was stated on the change of plea form.  The trial court factually found that appellant understood the consequences of entering the plea and that the change of plea was knowing, intelligent, free, and voluntary.

On December 17, 2013, the trial court read and considered the probation report which indicated that appellant was subject to an immigration hold.[2]  The trial court suspended imposition of sentence and granted three years supervised probation with 365 days county jail.  Appellant received 233 days presentence custody credit.

On October 28, 2014, appellant retained new counsel, Zulu Ali, and filed a motion to vacate the conviction on the theory that she was not advised of the consequences of deportation when the change of plea was entered.  Counsel argued that the change of plea form was not signed by the Spanish interpreter and "[t]hat leads me to believe . . . that [appellant] was not properly advised when she filled out this

---

[2]We have taken judicial notice of the probation report (Evid. Code, §§ 452, subd. (d); 459) which shows that appellant was not screened for work furlough because of the immigration hold.

2

form. . . ."  The court minutes, however, show that a Spanish language interpreter was present and interpreted for appellant when the change of plea was entered.  In addition, appellant orally told the trial court that the interpreter read the entire "felony disposition statement" to her.  Denying the motion, the trial court factually found that appellant was advised of the possible deportation consequence of her plea.

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari* (2002) 28 Cal.4th 876, 884.)

Appellant complains that the trial court did not provide a section 1016.5 verbal advisement.  That is not required.  "[A] validly executed waiver form is a proper substitute for verbal admonishment by the trial court. [Citation.]"  (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521; *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175 [court may rely on executed form]; *People v. Quesada* (1991) 230 Cal.App.3d 525, 533-534 [statutory admonition need not be given orally].)  The advisement need not be in the exact language of section 1016.5 and can be in writing.  Substantial compliance is all that is required.  (*People v. Superior Court* (*Zamudio)* 23 Cal.4th 183, 207-208 (*Zamudio*); *People v. Gutierrez, supra,* 106 Cal.App.4th at p. 175.)  Here, there is certainly substantial compliance.

Appellant argues that the written advisement is misleading because it contains surplus language.[3]  It tracks the language of section 1016.5 but states if the defendant is not a citizen and pleads guilty to an "aggravated felony, conspiracy, a controlled substance offense, a firearm offense, or under some circumstances a moral

---

[3] Section 1016.5, subdivision (a) sets forth the following advisement:  "If you are not a citizen, you are hereby advised that the conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

turpitude offense, or a domestic violence offense," defendant will be deported, excluded and/or denied naturalization. Appellant argues that the language would lead a reader to believe that deportation would occur only under the listed circumstances.

We reject the argument because section 1016.5 requires only that appellant be advised of possible deportation consequences. "Superfluity does not vitiate." (Civ. Code, § 3537.) In enacting section 1016.5, the Legislature intended that trial courts advise defendants about the "potential adverse immigration consequences." (*Zamudio, supra,* 23 Cal.4th at p. 209.) Appellant cites no authority that the trial court must advise the defendant on what offenses will result in mandatory deportation. (See e.g., *People v. Gutierrez, supra,* 106 Cal.App.3d at p. 174, fn. 4 [no obligation to advise on immigration consequences that defendant may suffer other than the ones listed in section 1016.5; *People v. Barocio* (1989) 216 Cal.App.3d 99, 105 [no obligation to advise on right to request a "recommendation against deportation" under 8 U.S.C. former § 1251(b)(2).]

A defendant who moves to set aside a plea based on an incomplete section 1016.5 advisement must show prejudice, i.e., that but for the failure to advise, defendant would not have entered a guilty plea. (*Zamudio, supra,* 23 Cal.4th at pp. 209-210.) It is a factual question for the trial court. (*Id.*, at p. 210.) Appellant's self-serving declaration states: "It was not until I was taken into custody by Immigration and Customs Enforcement that I realized the immigration consequences of the plea in the case." (See *In re Resendiz* (2001) 25 Cal.4th 230, 253 [defendant's self-serving statement not sufficient to show prejudice]; *In re Alvernaz* (1992) 2 Cal.4th 924, 938 [defendant's self-serving statement of prejudice must be corroborated independently by objective evidence].) However, prior to the entry of the plea, appellant knew she was subject to an immigration hold. Appellant's declaration states that she had been served with a Notice to Appear by Immigration and Customs Enforcement.

Appellant makes no showing that she would have pleaded differently if she had received a different section 1016.5 advisement. "While it is true that by insisting on trial [appellant] would for a period have retained a theoretical possibility of evading the conviction that rendered [her] deportable and excludable, it is equally true that a

4

conviction following trial would have subjected [her] to the same immigration consequences." (*In re Resendiz, supra,* 25 Cal.4th at p. 254.)

Appellant has a lengthy criminal record that included a 2002 conviction for petty theft (§ 484, subd. (a)), a 2006 conviction for possession of cocaine, methamphetamine, heroin, and prescription pills (Health & Saf. Code, §§ 11377, subd. (a); 11350, subd. (a)), a 2006 conviction for unlawful use of personal information to make unauthorized purchases (§ 530.5, subd. (a)), a 2008 conviction for narcotics use (Health & Saf. Code, § 11550, subd. (a)), a, 2010 conviction for theft (§ 484, subd. (a)), and a 2013 conviction for aggravated trespass (§ 602.5, subd. (b)). The probation report also shows that in 2009, appellant voluntarily returned to Mexico to avoid federal prosecution for unlawful reentry by a deported alien. (8 U.S.C. § 1326.)

Given her criminal history, the record made when she entered into the negotiated disposition, and the fact that she voluntarily returned to Mexico to avoid federal criminal prosecution in 2009, the showing of unawareness of deportation seems as disingenuous to us as it must have been to the trial court. It is not reasonably probable that she would have foregone the distinctly favorable outcome she negotiated had she been advised in some other manner about the immigration consequences of pleading guilty. (See e.g., *In re Resendiz*, *supra,* 25 Cal.4th at p. 254.)

The judgment (order denying motion to withdraw plea) is affirmed.

CERTIFIED FOR PUBLICATION.

.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Nancy Ayers, Judge

Superior Court County of Ventura

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.