Filed 8/17/16  P. v. Gomez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069602 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. ECR9898) |
| ARMANDO GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney general, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Megan J. Beal, Deputy Attorneys General, for Plaintiff and Respondent.


Armando Gomez pled guilty in 1995 to possessing methamphetamine for sale and driving under the influence.  Twenty years later, Gomez moved to withdraw his plea

under Penal Code section 1016.5, which permits withdrawal of a guilty plea when the court did not advise the defendant of possible adverse immigration consequences of the plea.[1]  After an evidentiary hearing, the court denied the motion based on its factual finding that Gomez had notice of the statutorily-required information before he pled guilty in the 1995 case.  Gomez appeals.  We affirm.

FACTUAL AND PROCEDURAL SUMMARY

*1995 Guilty Plea*

In 1995, 20-year-old Gomez pled guilty to possessing methamphetamine for sale (Health & Saf. Code, § 11378) and unlawful driving under the influence (Veh. Code, § 23152, subd. (a)).  Four other charges were dismissed:  transporting methamphetamine, possessing a controlled substance, giving false information to a peace officer, and being under the influence of a controlled substance.  The plea was supported by testimony at the preliminary hearing.

In his change of plea form, Gomez initialed the following provision:  "9.  I understand that if I am not a citizen of the United States a plea of Guilty or No Contest could result in deportation, exclusion from admission to this country, and/or denial of naturalization."  He also initialed a provision stating:  "I declare under penalty of perjury, under the laws of the State of California, that I have read, understood, and initialed each item above, and everything on the form is true and correct."

---

[1]     All undesignated statutory references are to the Penal Code.

2

Gomez's attorney signed a statement on the form affirming that he "personally read and explained the contents of the above declaration to the defendant and each item thereof" and he "personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge the explanation of the contents of each . . . ." The court's minute order states that Gomez was sworn and examined by the court and that Gomez was advised of his rights.

*2015 Motion to Vacate Plea*

Twenty years later, in September 2015, Gomez moved to set aside the conviction under section 1016.5. In support, he produced his declaration in which he said he was not advised by his attorney or by the court of "any immigration consequences that I might face if I pleaded guilty." He acknowledged he initialed the box on the plea form advising him of the immigration consequences, but said he did not read the form and his attorney "simply told me to put my initials in the boxes and sign the form." Regarding his need for relief, Gomez said that in April 2015 he was stopped by Immigration and Naturalization Service (INS) officers, who told him his felony conviction "will cause me to be deported and excluded forever from the United States." He produced an order requiring him to appear before an immigration judge based on his status as an "alien" who has not been admitted or paroled.

The People opposed the motion, arguing the motion was untimely and that even assuming the court did not orally advise Gomez of the immigration consequences (the reporter's transcript could not be found), Gomez could not show prejudice because the plea form makes clear Gomez was advised of the immigration consequences.

At the hearing on the motion, the People called Mark Kirkness, Gomez's attorney at the 1995 guilty plea hearing. Kirkness testified he did not remember Gomez's case, but his common practice was to read the plea change form to the client, and make sure the client understood "each and every" identified consequence of the plea. Kirkness said the client would initial each box on the plea form only after Kirkness was satisfied the defendant understood the particular right. Kirkness also testified it was his custom and practice to explain immigration consequences to defendants before they agreed to plead guilty.

In his testimony, Gomez reaffirmed the information submitted in his declaration. He said that before he pled guilty, he did not understand that the guilty plea would be grounds for his deportation and/or permanent exclusion from the United States. He said he would not have signed the form if he had known of these consequences because he had been in the United States since he was eight years old, had a two-year-old son at the time, and "[a]ll I know is here, my family." Gomez testified he did not remember his attorney explaining to him that there could be immigration consequences from the guilty plea. When the prosecutor asked whether he "could have been advised of [his] immigration rights," Gomez responded: "Maybe. Yeah. I mean, I could have, but I don't remember. I would have said something. Clearly, if . . . I understood that I would have been deported if I signed that, I would have gone to trial."

Gomez also said that he is employed as a supervising electrician in Maryland, and produced several letters of support from his employer, friends, and family.

4

*Court's Denial of Motion*

After "carefully" considering the evidence and arguments, the court denied Gomez's motion. The court rejected the People's timeliness argument, but found Gomez was not entitled to relief because the evidence established Gomez understood the immigration consequences before he pled guilty to the charges. The court told Gomez: "[W]hen we get to the advisements, there is a lot of evidence here, sir, that you were advised. We have the change of plea here where you initialed it. We have the statement of the attorney—he doesn't remember it, but his testimony of going through with each client each paragraph on that, I am satisfied that you were advised and that you were aware. Did you appreciate it? Did you fully understand that this might actually come to be? Well, that's a different issue. But were you aware of it? Y[es], you were advised, you were aware of it." The court noted the facts showing Gomez has "turned [his] life around," and has become a responsible citizen are not relevant to the issue whether he was previously advised of the immigration consequences of his plea.

## DISCUSSION

Section 1016.5, subdivision (a) requires that, before accepting a guilty plea, the trial court "shall administer the following advisement on the record to the defendant: [¶] If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged *may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (Italics added.)

5

Section 1016.5, subdivision (b) allows a defendant to move to withdraw his plea and vacate the judgment if "the court fails to advise the defendant *as required by this section* and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have [the specified adverse immigration] consequences."  (Italics added.)

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences *as provided by the statute*; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement."  (*People v. Totari* (2002) 28 Cal.4th 876, 884, italics added; see *People v. Arendtsz* (2016) 247 Cal.App.4th 613, 617 (*Arendtsz*).)  To establish the third (prejudice) element a defendant must show that "but for the failure to advise, [he or she] would not have entered a guilty plea." (*People v. Araujo* (2016) 243 Cal.App.4th 759, 763 (*Araujo*); see *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183 (*Zamudio*).)  We review the trial court's denial of defendant's motion to vacate the judgment for an abuse of discretion.  (*Arendtsz, supra*, 247 Cal.App.4th at p. 617; see *Zamudio, supra*, 23 Cal.4th at p. 192.)

In this case, the court found that even assuming the prior court did not provide an oral admonishment, there was no prejudice because Gomez was advised by his attorney of the immigration consequences as required by section 1016.5, and Gomez made the decision to plead guilty despite that knowledge.  Substantial evidence supported the court's conclusion.  The plea form, together with the former defense counsel's testimony

6

regarding his custom and practice, shows Gomez was given the information required by section 1016.5, and he voluntarily and knowingly chose to plead guilty with knowledge of these consequences.

Gomez challenges the court's factual finding, arguing his testimony at the hearing was "credible." He asserts "[i]t is difficult to imagine [he] would knowingly enter into a plea agreement that would [have] such a draconian result." However, as an appellate court, we do not reweigh the evidence or second-guess the court's findings on witness credibility. (*People v. Maury* (2003) 30 Cal.4th 342, 403; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.) We are bound by the trial court's factual findings if there is a reasonable evidentiary basis supporting the findings. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1151.)

The court had a reasonable basis to credit Kirkness's testimony about his standard practice of advising his clients regarding immigration consequences. Further, Gomez admitted he initialed the immigration advisement and acknowledged he did not specifically recall all of his discussions with his attorney. On this record, the trial court was not required to accept Gomez's testimony that he was never advised of the immigration consequences of his plea. (See *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174, fn. 4.)

Gomez alternatively contends the court erred in denying his section 1016.5 motion because he was not specifically advised in 1995 that his plea would result in "*mandatory*" deportation. (Italics added.) Gomez claims if he had known of the mandatory nature of the immigration consequences, he would not have pled guilty. Gomez did not raise this

7

mandatory-deportation issue in the proceedings below, and therefore he has forfeited the argument. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.)

Even if we were to reach Gomez's contention, the argument is unsupported by applicable law. Section 1016.5 does not require notification of mandatory deportation consequences. "Section 1016.5 addresses only the duty of the court to admonish a defendant of the *possibility* that a conviction may result in removal from the United States, or preclude naturalization . . . , and does not address the obligation to explain the more particular [immigration] consequences [of a plea]." (*People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1145, italics added; see *Araujo, supra*, 243 Cal.App.4th at p. 763 [rejecting argument that trial court "must advise the defendant on what offenses will result in mandatory deportation"].)

Gomez's reliance on *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*) is misplaced. In *Padilla*, the court held a defense attorney provides constitutionally deficient assistance when a noncitizen client is not advised about the risk of deportation resulting from a guilty plea. (*Id.* at pp. 373-374.) The *Padilla* defendant argued his counsel was ineffective because the counsel failed to admonish him of the automatic immigration consequences of the plea. (*Id.* at pp. 359-360.) *Padilla* held that constitutionally competent counsel would have advised the defendant that his marijuana transportation conviction made him subject to automatic deportation, and remanded the matter to determine whether the defendant was prejudiced by his counsel's ineffective assistance. (*Id.* at pp. 359-360, 374-375.)

8

*Padilla*'s holding does not support that the trial court erred in denying Gomez's *statutory* motion. First, the United States Supreme Court has held *Padilla* does not apply to defendants whose convictions, like defendant's, became final before *Padilla* was filed. (*Chaidez v. United States* (2013) __ U.S. __, __ [133 S.Ct. 1103, 1107-1113].) Second, *Padilla*'s holding is inapplicable in the section 1016.5 context. (See *Arendtsz, supra*, 247 Cal.App.4th at p. 619; *People v. Mbaabu, supra*, 213 Cal.App.4th at p. 1145.) Section 1016.5 requires only that the court identify three *potential* immigration consequences of a conviction: that a conviction "*may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." (§ 1015, subd. (a), italics added; see *Arendtsz, supra*, 247 Cal.App.4th at pp. 618-619; *Araujo, supra,* 243 Cal.App.4th at p. 763; *Mbaabu, supra*, 213 Cal.App.4th at p. 1145; *People v. Gutierrez, supra*, 106 Cal.App.4th at p. 174, fn. 4.) This is a different (and narrower) duty than the scope of an attorney's obligations to provide effective assistance. (*Arendtsz, supra*, 247 Cal.App.4th at p. 619 [*Padilla*'s ineffective assistance holding "has no material bearing" on a trial court's section 1016.5 obligations].)

The issue on a section 1016.5 motion concerns whether a defendant has a right to withdraw his plea based on his claim the court did not comply with section 1016.5. In this case, the court found (based on substantial evidence) Gomez was aware of the three potential immigration consequences identified in the statute and therefore the court's alleged failure to advise was not prejudicial. Based on this finding, the trial court

properly denied Gomez's section 1016.5 motion to vacate the judgment.[2]  (See *Araujo, supra*, 243 Cal.App.4th at p. 763.)

Gomez alternatively contends the admonishment on the plea form was inadequate because the San Diego County Superior Court guilty plea form that was revised in September 2011 includes an expanded advisement to include the following:  "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization.  Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization."  (San Diego County Super. Ct. form CRM-012, rev. Sept. 2011.)  The back of the form contains a list of "AGGRAVATED FELONIES," which includes convictions for possessing controlled substances for sale.  (*Ibid.*)

Because Gomez did not raise this issue in the trial court and the record does not contain this revised guilty plea form, the argument is forfeited.  The argument also fails on its merits.  We have independently reviewed the cited San Diego County Superior Court guilty plea form that contains the modified advisement.  There is nothing in this form supporting a conclusion that state law has been changed regarding a court's obligations to inform defendants of immigration consequences of their plea.  The expanded information on the forms will help counsel explain the specific potential

---

[2]     Based on this conclusion, we do not reach the Attorney General's alternate argument that Gomez did not sufficiently establish he was subject to immigration consequences based on his guilty plea.  Because the Attorney General did not adequately raise this argument in the court below, the argument is waived.

immigration consequences of a plea to their noncitizen clients. But the forms do not operate to amend the applicable statutes imposing only the limited specified duties on trial courts regarding the need to advise on the possible immigration consequences of a plea.

## DISPOSITION

Affirmed.

HALLER, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.

11