Filed 8/28/20  P. v. Phi CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | G057400 consol. w/G057401 & G057402 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. C-94070, 15WF2622 & 15WF2829) |
| HUAN NGOC PHI, | |
| Defendant and Appellant. | O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Huan Ngoc Phi appeals an order denying his postjudgment motions under Penal Code section 1016.5[1] to vacate his 1992 convictions for several theft offenses. Phi contends the trial court abused its discretion in concluding the sentencing court in 1992 complied with its duty to advise him of the immigration consequences of the convictions when he pleaded guilty. (§ 1016.5, subd. (a).) We find no abuse of discretion. Accordingly, we affirm.

I

BACKGROUND

A *The Underlying Convictions*

In September 1992, pursuant to a plea deal in case number C-94070 (the 1992 case), Phi pleaded guilty to two counts of first degree robbery (§§ 211/212.5, subd. (a)) and two counts of receiving stolen property (§ 496.1 (now § 496, subd. (a)). Phi also admitted gang and firearm use enhancements (§ 186.22, subd. (b)(1); § 12022, subd. (a)(1)). Facing a maximum prison term of 11 years and 4 months, Phi received a sentence of five years at the California Youth Authority.

In December 2016, pursuant to a plea deal involving a "global disposition" of two cases (the 2016 cases), Phi pleaded guilty in case number 15WF2622 to two counts of possessing of a forged instrument over $950 (§ 475, subd. (a)) and four counts of misdemeanor identity theft (§ 530.5, subd. (c)(1)), and in case number 15WF2829 to one count of felony identity theft (§ 530.5, subd. (a)). Phi received a two-year prison sentence in one case, and a two-year prison sentence to be served concurrently in the other case.

---

[1] All undesignated statutory references are to the Penal Code.

B.  *The Applications for Relief Under Section 1473.7 and Section 1016.5*

   1.  The Motions

   In August 2018, Phi filed motions under section 1473.7 to vacate his convictions in all three cases.  Section 1473.7 allows a person no longer in custody to bring a motion to vacate a conviction which "is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty[.]"  (§ 1473.7, subd. (a)(1).)

   Phi's section 1473.7 motion in the 1992 case asserted his defense attorney, Thomas Avdeef, wrongly advised him pleading guilty to the theft offenses would not cause Phi to be deported because he had a green card.  Phi's motion in the 2016 cases asserted his defense counsel in those cases, Julie Swain, failed to advise him of the "*actual* immigration consequences" of pleading guilty and merely advised him his guilty plea "*may* result in deportation . . . ." (Italics added.)

   A month later, Phi filed in the 1992 case a supplemental application for relief under section 1016.5.  That code section requires the trial court, before accepting a guilty plea, to advise a noncitizen defendant "on the record . . . that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  (§ 1016.5, subd. (a).)  The statute further provides the remedy for failing to give the advisement is to vacate the judgment which rests on the guilty plea. (§ 1016.5, subd. (b); *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521 (*Ramirez*).)

   Phi's 1016.5 motion argued he was entitled to have his 1992 conviction by guilty plea set aside because "the record shows [Phi] was not advised by the court in accordance with section 1016.5[.]"  As proof of the sentencing court's purported failure to comply with the immigration advisement duty under section 1016.5, Phi relied on to two minute orders attached as exhibits to the supplemental application.  One was a

minute order from the change of plea hearing, the other a similar minute order from the sentencing hearing; neither minute order had a check mark in the area indicating "the defendant was advised of 'conseq[uence] of plea if not a citizen.'"

2. The Hearing

In January 2019, the trial court conducted a hearing on the three motions for relief under section 1473.7 and on the motion in the 1992 case for relief under section 1016.5. Avdeef, Phi's defense counsel in the 1992 case, testified at the hearing. Julie Swain, Phi's defense counsel in the 2016 cases, was not present at the hearing. Phi's lawyer told the court he gave Swain notice of the hearing but did not subpoena her attendance or seek a supporting declaration from her. Phi also was not present in court because, according to his lawyer, Phi was then in immigration detention.

On the witness stand, Avdeef denied telling Phi he would not be deported for his 1992 guilty plea because he had a green card. Avdeef testified he had no "independent recollection" of Phi and no longer possessed Phi's 26-year-old case file, but Avdeef nevertheless had "no doubt" Phi's claim was a "fabrication" because in Avdeef's 40-year legal career, he "never once told a client that they would not be deported[.]" Avdeef stated his practice was to advise noncitizen clients a guilty plea "could affect a person's ability to become a citizen or they [could] become deported because of this, and especially if they're crimes of moral turpitude." Avdeef further testified his practice "[a]bsolutely" was to answer client's questions about "potential immigration issues or consequences[.]" Avdeef also testified he used the services of interpreters to communicate with clients who did not speak English.

Finding Avdeef's testimony "credible," the trial court rejected Phi's contention Avdeef erroneously advised Phi in 1992 he would not be deported as a consequence of pleading guilty. The court likewise disbelieved Phi's contention in the 2016 cases his counsel, Julie Swain, failed to advise him that pleading guilty could result in deportation, exclusion, and denial of naturalization. Among other reasons for doubting

4

the credibility of Phi's contention in the 2016 cases, the court expressed skepticism at Phi's failure to obtain a supporting declaration from Swain or to subpoena her to testify about her immigration advice to him, given the 2016 guilty pleas were so recent. Finding Phi did not meet his burden to prove he was misadvised or he otherwise misunderstood the immigration consequences of his 1992 or 2016 guilty pleas, the court denied the three motions for relief under section 1473.7.

The trial court also denied Phi's motion to vacate his 1992 conviction under section 1016.5. The court rejected Phi's argument the record showed the sentencing judge did not comply with its duty to advise the defendant of immigration consequences before accepting a guilty plea.

Phi filed a notice of appeal in each of the three cases. In the 2016 cases, Phi appealed from the orders denying his motions for relief under section 1473.7. In the 1992 case, Phi appealed from the denial of relief under both section 1473.7 and section 1016.5. On our own motion, we consolidated the three appeals.

3. Phi's Abandonment of Part of His Appeal

Phi's opening brief in the consolidated appeals contained a single argument: the trial court abused its discretion in denying his motion in the 1992 case for relief under section 1016.5. By failing to state any argument challenging the court's rulings in either the 1992 case or the 2016 cases on Phi's motions for relief under section 1473.7, Phi has abandoned his appeal of the court's orders denying those motions. (See *Robinson v. Harrington* (1961) 195 Cal.App.2d 126, 127-128 [partial abandonment implicit where notice of appeal specifies an order that is not challenged in appellant's opening brief].)

II

DISCUSSION

Phi argues the trial court abused its discretion in denying his section 1016.5 motion for relief from the judgment of convictions by guilty plea in the 1992 case. Phi

5

contends the denial order was improper because the record does not show the sentencing court complied with its duty under the statute either to orally advise Phi of the immigration consequences of the plea or to conduct an inquiry to satisfy itself Phi understood the immigration consequences of his guilty plea. The argument lacks merit.

A. *Applicable Standards of Review*

"An order denying a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. [Citations.]" (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1517-1518 (*Limon*); *People v. Arendtsz* (2016) 247 Cal.App.4th 613, 617.) "An exercise of a court's discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice constitutes an abuse of discretion." (*Limon, supra,* at p. 1518.)

We review any challenged factual findings for sufficiency of the evidence. "In determining whether the statutory grounds [for relief under section 1016.5] are present, the trial court on a contested motion to withdraw a plea of guilty under this section . . . is the trier of fact and hence the judge of the credibility of the witnesses or affiants. Consequently, it must resolve conflicting factual questions and draw the resulting inferences. [Citation.] As is the case with most other evidentiary rulings by a trial court, we apply the substantial evidence rule on appellate review. [Citation.] . . . [W]e 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. . . . If the circumstances reasonably justify the trial court's findings, an appellate court cannot reverse merely because the circumstances might also be reasonably reconciled with a contrary finding.' [Citations.]" (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533 (*Quesada*).)

B. *Analysis*

Phi concedes section 1016.5 does not require the sentencing court to provide a verbal advisement of the immigration consequences of a guilty plea before

accepting the plea. As the court held in *Ramirez*, *supra*, 71 Cal.App.4th 519, a validly executed "change of plea" or *Tahl* form which warns the defendant of the three possible immigration consequences (deportation, exclusion, denial of naturalization) "is a proper substitute for verbal admonishment by the trial court." (*Id*. at p. 521, 523; accord, *People v. Araujo* (2016) 243 Cal.App.4th 759, 762 (*Araujo*).) According to *Ramirez*, "[s]o long as the advisements are given . . . [and] the language of the advisements appears in the record for appellate consideration of their adequacy," a sentencing court performs its duty under section 1016.5 if it "satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel[.]" (*Ramirez*, *supra*, at p. 522.)

The trial court here concluded the sentencing court complied with its duty under section 1016.5 based on two facts. The first fact was Phi acknowledged on his change of plea form he understood conviction of the admitted offenses may have the consequence of deportation, exclusion or denial of naturalization. The second fact relied on the sentencing court's finding that Phi's plea and waiver of his legal and constitutional rights (to jury trial, confront witnesses, remain silent) was intelligent and voluntary.

On appeal, Phi argues neither fact supports the trial court's finding the sentencing court met its immigration advisement duty under the statute. We disagree.

Challenging the trial court's reliance on his change of plea form, Phi essentially argues the form carries no weight without proof the sentencing court *asked* Phi at the change of plea hearing if he understood the immigration consequences of his guilty plea. Phi asserts: "Unlike in *Araujo*[, *supra*, 243 Cal.App.4th 759], *Ramirez*[, *supra*, 71 Cal.App.4th 519], and *Quesada*[, *supra*, 230 Cal.App.3d 525,] there is nothing in the record to indicate the [sentencing] court asked both counsel and appellant if they had reviewed the entire form together. There is nothing in the record to indicate the court asked appellant if he understood the entire content of the form he had signed. Without

7

such a determination, the hearing court could not conclude that the written advisement was sufficient to substantially satisfy the requirements of section 1016.5. [Citation.]"

Phi's claim is novel. None of the cited cases holds a change of plea form is ineffective in waiving immigration consequences absent proof the court verbally questioned the defendant about his understanding of those consequences. Although the factual discussions in *Araujo*, *supra*, 243 Cal.App.4th 759, *Ramirez*, *supra*, 71 Cal.App.4th 519, and *Quesada*, *supra*, 230 Cal.App.3d 525, mention the respective defendant's testimony about the plea or some level of questioning by the court during the change of plea hearing,[2] none of the cases hold that to advise a defendant of immigration consequences under section 1016.5 requires judicial inquiry into the defendant's understanding of those consequences. We decline to impose that new duty based on these facts, where the record contains no reporter's transcript of the plea hearing which occurred 27 years before the defendant's section 1016.5 challenge to the adequacy of his immigration advisements.[3]

We conclude the plea form provided a sufficient record to support the trial court's finding the sentencing court "satisfie[d] itself that [Phi] understood the immigration advisements and had an opportunity to discuss the [immigration] consequences with counsel[.]" (*Ramirez*, *supra*, 71 Cal.App.4th at p. 522.) On the plea

---

[2] See *Ramirez*, *supra*, 71 Cal.App.4th at p. 523 ["In addition, the record establishes the trial court inquired into whether appellant had reviewed the form with his attorney, whether it had been translated into Spanish and whether appellant understood the advisements discussed and the rights ultimately waived"]; *Araujo*, *supra*, 243 Cal.App.4th at p. 762 ["In addition, appellant orally told the trial court that the interpreter read the entire "felony disposition statement" to her"]; *Quesada*, *supra*, 230 Cal.App.3d at pp. 538-539 ["Before entering his guilty plea, defendant testified he had an opportunity to review the plea form, and that he signed it and had no questions about it"].

[3] There is no indication in the record Phi sought the transcript of the plea hearing from the court reporter or that the transcript was destroyed and therefore not attainable. The appellant "bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)

form, Phi put his initials next to the following advisement: "I understand that if I am not a citizen of the United States the conviction for the offense charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Phi also initialed: "I offer my plea of 'Guilty' freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form." Finally, Phi initialed, signed, and dated the statement: "I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s). I am entering a plea of guilty because I am in fact guilty and for no other reason. I declare under penalty of perjury that the foregoing is true and correct."

Phi's plea counsel, Avdeef, also signed a paragraph on the change of plea form which read, in pertinent part, as follows: "I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights . . . ."

We conclude the trial court reasonably could infer from these acknowledgements on the plea form that Phi understood the immigration advisement and had an opportunity to discuss the immigration consequences of the plea with his attorney, Avdeef. Further support for that inference comes from Avdeef's hearing testimony in which he said his consistent practice for 40 years was to advise noncitizen clients a guilty plea could lead to deportation. Consequently, we find substantial evidence supports the court's finding the sentencing court fulfilled its immigration consequences advisement duty under section 1016.5.

9

Because the record supports the trial court's finding the sentencing court complied with section 1016.5, we need not address Phi's contention the trial court erred in concluding the sentencing court's finding Phi's knowing and voluntary waiver of his trial rights included a knowing and voluntary waiver of the immigration consequences of his plea.[4]

We conclude the trial court did not abuse its discretion in denying Phi's motion to vacate the 1992 convictions for inadequate immigration consequences advisement.

III

DISPOSITION

The postjudgment order denying the motion for relief pursuant to section 1016.5 in C-94070 is affirmed. The appeals in Case Numbers 15WF2622 and 15WF2829 are dismissed as abandoned.

ARONSON, ACTING P. J.

WE CONCUR:

THOMPSON, J.

GOETHALS, J.

---

4     The trial court concluded the sentencing court's finding the plea was intelligent and voluntary "encompasses the [immigration] advisements, the rights, the consequences, the waivers."