Filed 1/18/23  P. v. Bustillos CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER JAMES BUSTILLOS,<br><br>    Defendant and Appellant. | 2d Crim. No. B318022<br>(Super. Ct. No. 2018038445)<br>(Ventura County) |

Christopher James Bustillos appeals an order denying his motion to withdraw his guilty plea to the following felonies: criminal threats (Pen. Code, § 422) (two counts); obstructing a peace officer (*id.*, § 69); possession of drugs for sale (Health & Saf. Code, § 11378); transportation of a controlled substance (*id.*, § 11379, subd. (a)); and corporal injury on a partner (Pen. Code, § 273.5, subd. (a)).  He also admitted the special allegations that he used a deadly weapon in committing the criminal threat counts and that he committed a felony after being released on bail.  (*Id.*, §§ 12022, subd. (b)(1), 122022.1, subd. (b).)  The trial

court ultimately suspended imposition of sentence and placed him on probation for 36 months.  We conclude that Bustillos has not shown that the court abused its discretion by denying his motion.  We affirm.

FACTS

In multiple consolidated actions, Bustillos was charged with six felony counts:  criminal threats (two counts), possession of drugs for sale, transportation of a controlled substance, obstructing a peace officer, and corporal injury on a partner.  Bustillos initially pled not guilty.

On March 6, 2020, Bustillos signed a felony disposition statement to plead guilty to the six felony counts.  In that statement he said, "*My attorney has explained to me the direct and indirect consequences of this plea*, including the maximum possible sentence."  (Italics added.)  He acknowledged that he knew the "*maximum possible sentence [was] 11 year(s) 8 months.*"  (Italics added.)  He stated that his attorney had explained the rights he was giving up, and that he was entering the plea "freely and voluntarily and *not as the result of any force, pressure, threats or coercion* brought against [him]."  (Italics added.)

On the felony disposition form, Bustillos's counsel stated, "I have discussed with the defendant the facts of the case, the elements of the charged offenses and allegations, and all possible defenses.  I have *explained the direct and indirect consequences* of this plea to the defendant and am satisfied he understands them.  *I am satisfied the defendant is voluntarily and of his own free will seeking to enter this plea.*"  (Italics added.)

At a March 6, 2020, change of plea hearing, the prosecutor gave Bustillos advisements of his rights and asked him a series of questions.  In response to those questions, Bustillos told the trial

2

court that 1) he signed the felony disposition statement; 2) he went through the document with his attorney; 3) he understood his rights and understood the consequences of his plea; 4) he knew he faced a maximum potential sentence of 11 years 8 months; 5) nobody made any threats or promises to get him to change his plea to guilty; and 6) it was *his intention* to withdraw the not guilty plea and enter a guilty plea. Bustillos's counsel told the court that he also "join[ed] in the plea."

The trial court accepted Bustillos's guilty plea and found: 1) Bustillos appeared with his counsel; 2) he understands the charges and the consequences of his plea; 3) he "knowingly, intelligently," voluntarily, and "understandingly" waived his rights. There was a factual basis for the plea.

Bustillos changed counsel. In April, his new counsel declared a doubt about his competence. After obtaining an evaluation by Doctor Amber Ruddock, the trial court found Bustillos was competent.

On July 9, 2020, Bustillos filed a motion to withdraw pleas of guilty and all admissions during plea. That motion included Bustillos's declaration, the declaration of Doctor Randy Wood, and two other declarations.

Wood declared that while incarcerated Bustillos was prescribed "Prozac," resulting in "manic episodes." A diagnosis of "Bipolar 1 Disorder, mixed type, most recent episode manic" was added to his other diagnoses. Wood interviewed Bustillos on June 22, 2020. Bustillos told him that at the plea hearing "he was very anxious, felt exhausted from not sleeping well, and his thinking was 'all jumbled up' and he felt confused and overwhelmed and 'shut down' when in court." Based on what Bustillos told him about his "symptoms" at the time of the plea

hearing, Wood concluded that "due to interference and impairment from his symptoms," he was "not capable of adequately understanding, intelligently evaluating and voluntarily accepting the proposed guilty plea offer on [March 6, 2020]."

Bustillos declared, "[M]isleading by my attorney is why I signed [the plea agreement]." His counsel "rushed [him] to plead." "I believe my change of plea took advantage of my severe mental health issues, the fear instilled by my attorney that there was no other real option, and this all took advantage of the severe stress and confusion and manic episode I was mentally in."

Bustillos testified that he pled guilty solely because his attorney told him to do so. He did not review the plea agreement form. He had no memory of the prosecutor providing advisements or asking him questions at that hearing. He did not remember signing the plea form, but he identified his initials on that form. He did not know the consequences of his plea.

The trial court denied the motion. It found Bustillos was not credible and was merely "looking for a better deal." The court said, "I'm just not persuaded that he made a mistake," that "he didn't understand what was going on," or that he had "any kind of mental health concerns." He was not misled. "[I]t's a case of buyer's remorse."

## DISCUSSION

### *Denying the Motion to Withdraw the Guilty Plea*

Bustillos contends the trial court abused its discretion by denying his motion to withdraw his plea.

A trial court may allow a defendant to withdraw a guilty plea for good cause. (*People v. Archer* (2014) 230 Cal.App.4th 693, 702.) " 'To establish good cause . . . , the defendant must

4

show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.'" (*Ibid.*) "The defendant may not withdraw a plea because the defendant has changed his or her mind." (*Ibid.*)

"'A decision to deny a motion to withdraw a guilty plea "'rests in the sound discretion of the trial court'" and is final unless the defendant can show a clear abuse of that discretion.'" (*People v. Archer, supra*, 230 Cal.App.4th at p. 702.) "'"All questions of the weight and sufficiency of the evidence are addressed, in the first instance, to the trier of fact, in this case the trial judge."'" (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1460, fn. 4.)

*Bustillos's Mental Health Condition*

Bustillos contends the trial court erred because his mental illness prevented him from entering a knowing, intelligent, and voluntary plea. We disagree.

"[T]he mere presence of a mental illness does not mean appellant was unable to understand the proceedings or assist in his own defense." (*People v. Smith* (2003) 110 Cal.App.4th 492, 502.) The "defendant is presumed competent" unless sufficient evidence supports a different conclusion. (*Ibid.*)

Bustillos claims his testimony and the other evidence he presented supports his claim he was not competent to enter his plea.

But the trial court did not find Bustillos's testimony and the evidence he presented to be credible. We do not weigh the evidence. The trial court exclusively decides the weight to be given to the evidence and witness credibility. (*People v. Young*

(2005) 34 Cal.4th 1149, 1181.) "[T]he trial court was not bound to give full credence to the statements in defendant's affidavit in support of his motion to withdraw his pleas of guilty even though they are uncontradicted because of defendant's obvious interest in the outcome of the proceeding." (*People v. Beck* (1961) 188 Cal.App.2d 549, 553.)

The trial court may consider "the record made when [Bustillos] entered into the negotiated disposition." (*People v. Araujo* (2016) 243 Cal.App.4th 759, 764.) It could reasonably find Bustillos's affirmative statements at the change of plea hearing undermined the credibility of his testimony that he did not understand the plea agreement and its consequences. Such "[s]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier" to his motion. (*Blackledge v. Allison* (1977) 431 U.S. 63, 74.) Bustillos testified that he had no memory about the portion of the plea hearing where the prosecutor asked him questions before he entered his guilty plea. The court could find if he had no memory of that period, he could not credibly testify about his mental symptoms while answering the prosecutor's questions at that time.

Bustillos notes Doctor Wood declared that because of "impairment from his symptoms of mental illness," Bustillos "was not capable of adequately understanding . . . the proposed guilty plea offer on [March 6, 2020]." But the credibility of a medical opinion is exclusively decided by the trial court. (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1463.) " ' "[T]he law does not accord to the expert's opinion the same degree of credence or integrity as it does the data underlying the opinion. Like a house built on sand, the expert's opinion is no better than the facts on which it is based." ' " (*People v. Boyette* (2002) 29 Cal.4th 381,

449; *County of Sacramento v. Workers' Comp. Appeals Bd. (Brooks)* (2013) 215 Cal.App.4th 785, 797.)

Wood obtained the facts about Bustillo's symptoms at the plea hearing from Bustillos. The trial court found Bustillos was not credible. It could reasonably infer that Wood's opinion was not reliable because it was based on facts Bustillos provided. (*People v. Boyette*, *supra*, 29 Cal.4th at p. 435; *County of Sacramento v. Workers' Comp. Appeals Bd. (Brooks)*, *supra*, 215 Cal.App.4th at p. 797.) There are additional reasons why it could reject this opinion. Wood was not a treating physician. (*San Jose Neurospine v. Aetna Health of California, Inc.* (2020) 45 Cal.App.5th 953, 960.) He met with Bustillos once at the request of the defense, months after the plea hearing, and Wood did not testify. Wood's declaration was stated "on information and belief." Declarations stated on information and belief cannot "be used as evidence." (*Lieppman v. Lieber* (1986) 180 Cal.App.3d 914, 919; see also *People v. Oppel* (1990) 222 Cal.App.3d 1146, 1153; *Burger v. Superior Court* (1984) 151 Cal.App.3d 1013, 1019; *Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204.)

Wood claimed he reviewed the relevant medical evidence. But he did not mention a recent medical report, and the trial court could find that undermined his opinion. (*Milpitas Unified School Dist. v. Workers' Comp. Appeals Bd.* (2010) 187 Cal.App.4th 808, 825.) In April 2020, Bustillos's counsel declared a doubt about Bustillos's competency. The court appointed Doctor Ruddock to evaluate him. Ruddock found Bustillos was competent. Based on Ruddock's report, the court found Bustillos "is competent," that he understands the proceedings, and he is able to cooperate with counsel.

7

Wood claimed Bustillos would have "difficulty concentrating." But Bustillos included another report *in his motion* from Nick Barneclo, Ph.D. He concluded Bustillos "was oriented to place and time, was literate, had adequate knowledge of basic information," and had "performed adequately" on the "mental status portion" of a "KSNAP" mental status screening; that he "performed adequately" on the "Gestalt Closure subtest"; that he showed "no signs of simultaneous processing or visual-spatial processing concerns." His "number recall" was "in the average range," showing "no evidence of working memory deficits."

Wood mentions Bustillos's "symptoms" at the day of the hearing. But he did not conduct intellectual capacity testing to make a finding on Bustillos's *mental capacity*. That is a significant omission because " '[t]he focus of a competency inquiry is the defendant's *mental capacity* . . . .' " (*People v. Welch* (1999) 20 Cal.4th 701, 733, italics added.)

Ruddock and Barneclo *tested* Bustillos and found he had sufficient mental capacity. The trial court could give less weight to Wood's opinion (*People v. Welch, supra*, 20 Cal.4th at p. 733; *Milpitas Unified School Dist. v. Workers' Comp. Appeals Bd.*, *supra*, 187 Cal.App.4th at p. 825), and resolve any conflict in the medical evidence in the People's favor. (*People v. Hamlin, supra*, 170 Cal.App.4th at p. 1463.)

Wood did not explain how he could determine from a single interview that Bustillos was not making self-serving statements, and Wood did not state that he had reviewed the plea hearing transcript. That transcript was objective evidence showing Bustillos made a voluntary and intelligent plea because: 1) Bustillos "answered in the affirmative" to the questions; 2) "there

8

is nothing in the record to suggest [he] did not understand the questions asked"; 3) there was no uncertainty while answering; and 4) the trial judge who accepted the plea found Bustillos made "a knowing and intelligent" waiver of his rights. (*People v. Smith*, *supra*, 110 Cal.App.4th at p. 502.)

The trial judge who accepted the plea also decided the motion to vacate. The judge said he "observed the plea being taken." The trial court could rely on its observations of Bustillos when he made his plea to determine that he was not impaired or confused. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254; *People v. Ravaux* (2006) 142 Cal.App.4th 914, 918 ["It is entirely within the trial court's discretion to consider its own observations of the defendant in ruling on such a motion"].) The court found Bustillos was not confused and was not experiencing mental health issues when he made his plea. These were " ' "first hand observations made in open court," ' which that court itself is best positioned to interpret." (*People v. Ault* (2004) 33 Cal.4th 1250, 1267.)

*Ineffective Assistance of Counsel*

Bustillos contends the trial court erred by not vacating his plea based on his counsel's ineffective assistance in making the plea bargain. We disagree.

To show ineffective assistance of counsel, the defendant must show that his attorney's actions fell below the reasonable objective standard of proper representation by counsel, and that counsel's errors were prejudicial to the defendant's case. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." (*Lee v. United States* (2017) _

U.S. _ [198 L.Ed.2d 476, 487].) "[C]ontemporaneous evidence" may be considered to determine whether the defendant's claims are credible. (*Ibid*.) "An allegation that trial counsel failed to properly advise a defendant is meaningless unless there is objective corroborating evidence supporting appellant's claimed failures." (*People v. Cruz-Lopez* (2018) 27 Cal.App.5th 212, 223-224.)

Bustillos testified that his counsel pressured him to quickly sign a plea agreement that he did not understand, review, or voluntarily agree with. But the trial court found he was not credible. Because his claims about ineffective assistance are largely based on his testimony, that finding undermines his claim. (*People v. Young*, *supra*, 34 Cal.4th at p. 1181.) Bustillos's statements at the plea hearing also contradict his claims. In pleading guilty, he said he knew the consequences of his plea, he was not threatened or pressured to make it, and it was his voluntary decision. The trial court may properly consider his counsel's certification on the plea agreement. (*People v. Gandy* (2017) 13 Cal.App.5th 1288, 1300.) That shows counsel discussed the facts, the merits, the possible defenses, and the direct and indirect consequences of the plea with Bustillos. That, along with Bustillos's statements in court at the time of the plea, support a finding that the plea was knowledgeable and voluntary. (*People v. Araujo*, *supra*, 243 Cal.App.4th at p. 764; *People v. Smith*, *supra*, 110 Cal.App.4th at p. 502.)

Moreover, the trial court found his trial counsel "did a really competent job." It rejected his suggestion that his lawyer ignored his mental health conditions. Counsel was well aware of them. The court found his attorney prepared well-documented "paperwork" for a "mental health diversion" for Bustillos.

10

Bustillos claimed that "misleading by [his] attorney is why [he] signed the paperwork and entered the plea." But the court found counsel did not mislead him and Bustillos's motion was simply "a case of buyer's remorse."

We have reviewed Bustillos's remaining contentions, and we conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

11

Rocky J. Baio, Judge

Superior Court County of Ventura

_____


Christopher P. Welch for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.